UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In Re:                                                    Chapter 11

Sun Property Consultants, Ltd.,                           Case No. 816-72267-845

      Debtor.                              Application in Support

---------------------------------------------------------X

      Sun Property Consultants, Ltd., the Debtor and Debtor-in-Possession, by its attorneys, Weinberg, Gross & Pergament LLP, as and for its application represents as follows:

      1.      On May 24, 2016 the Debtor filed a Chapter 11 voluntary petition for relief under Chapter 11 of the Bankruptcy Code and remains in possession and management of its property and affairs.

      2.      No trustee, hearing examiner or creditors committee has been appointed or formed in this case.

      3.      This Affirmation is presented in support of the Debtor's motion for an Order: (a) authorizing WGP to issue a subpoena pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004") for the testimony from StanCorp Mortgage Investors, LLC ("StanCorp") and to produce documents identified in the Request for Documents annexed hereto as Exhibit "A;" (b) authorizing WGP to serve the Rule 2004 subpoena via certified mail with a copy of the Order; and (c) for such other and further relief as this Court deems just and proper.

      4.      The Debtor owns the real property known as 150 Hicksville Road, Bethpage, New York, which is a shopping center.

      5.      The Debtor has learned that a mortgage was granted to StanCorp in or about 2014 and the mortgage and the financing was obtained without the knowledge of Dr. Rajesh K. Singh, the sole officer and sole shareholder of the Debtor.

6. The Debtor needs to investigate the financing transaction and review the documents that were executed at the closing which granted StanCorp a mortgage as the Debtor needs to determine the claims that the Debtor can bring against various parties concerning the granting of the mortgage and also determine the validity of the mortgage.

7. Upon information and belief, the mortgage is in the amount of $3,900,000.00.

8. Upon information and belief, at the time that the mortgage was granted, Dr. Singh was residing in India supervising his hospital and providing for the care of the poor in India and had no knowledge of the financing.

9. Rule 2004 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, as follows:

> (a) *Examination on Motion.* On motion of any party in interest, the court may order the examination of any entity.
>
> (b) *Scope of Examination.* The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . .
>
> (c) *Compelling attendance and production of documentary evidence.* The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending. (Westlaw, 2010)

10. An application for a Bankruptcy Rule 2004 examination may be considered ex parte or after notice. *In re Hickman*, 151 B.R. 125, 128 (Bankr. N.D. Ohio 1993); see also *In re Symington*, 209 B.R. 678, 689 (Bankr. D. Md. 1997) ("Rule 2004 motions are generally granted ex parte, as was the case here, without the advance notice required to be given in a contested matter.")

11. It is well established that the scope of an examination under Bankruptcy Rule 2004 is unfettered and broad. *In re Bakalis,* 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996; *In re Vantage Petroleum Corp.,* 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983). Indeed, the examination can "legitimately be in the nature of a "fishing expedition." *In re M4 Enters., Inc.,* 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995); *In re Frigitemp Corp.,* 15 B.R. 263, 264 n.3 (Bankr. S.D.N.Y. 1981) (noting that predecessor to Rule 2004 examinations have been likened to "fishing expeditions"). Examinations under Bankruptcy Rule 2004(a) and (c) in a chapter 7 case may properly include within their scope, among other things, any matter which may relate to the property and assets of the estate, the financial condition of the debtor, any matter which may affect the administration of a debtor's estate, and any matter relevant to the case.

12. "The purpose of a Rule 2004 examination is "to show the condition of the estate and to enable the Court to discovery its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved." *In re Coffee Cupboard, Inc.,* 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (citing *Cameron v. United States,* 231 U.S. 710, 717 (1914)). "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y. 1993), aff'd, 17 f.3d 600 (2d Cir. 1994); *see also In re Ecam Publications, Inc.,* 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991) (third parties may be subject to examination if they have knowledge of

the debtors' affairs). Here, the information sought by the Debtor in connection with this Motion is consistent with Bankruptcy Rule 2004 and the interpretive case law.

13. The Debtor is seeking to discover information and documents related to a mortgage and claims that can be pursued that are property of the Debtor's estate and respectfully submits that such information and documents fall within the broad scope of Rule 2004.

14. Accordingly, the Debtor request presents a "matter which may affect the administration of the debtor's estate" under Bankruptcy Rule 2004(b).

15. The Debtor requests that this Court grant this application in its entirety and waive the requirement of the filing of a memorandum of law as no novel issue of law is present with respect to the issues herein.

16. No prior application for the relief sought herein has been made to this or any other Court.

WHEREFORE, for the foregoing reasons, it is respectfully requested that this honorable Court grant the Debtor's motion and such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
      May 26, 2016

                                        Weinberg, Gross & Pergament, LLP
                                        Attorneys for Sun Property Consultants, Ltd.

By: _____
                                        Marc A. Pergament
                                        400 Garden City Plaza, Suite 403
                                        Garden City, New York 11530
                                        (516) 877-2424